IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LAZARO LINARES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN STACEY N. STONE, )<br>)<br>Respondent. ) | CV 321-024 |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. Because Petitioner did not, despite receiving additional time, (doc. no. 8), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.     Background**

On August 7, 2017, in the United States District Court for the Southern District of Florida, Petitioner was convicted of Illegal Reentry After Removal and sentenced to eighteen months imprisonment and a three-year term of supervised release in case number 0:17-CR-60069-T-WPD-1. (Doc. no. 7-1, Attach. 1, p. 7.) Petitioner received credit for pre-sentence

time served from February 23, 2017 through August 6, 2017. (Doc. no. 7-1, Attach. 3, p. 15.)

On May 22, 2018, in the United States District Court for the Middle District of Florida, Petitioner was convicted and sentenced to 120 months in custody and sixty months of supervision for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and 100 Grams or More of Heroin in case number 8:17-CR-347-T-35MAP. (Doc. no. 7-1, Attach. 4, pp. 17-18.) The Court ordered the May 2018 sentence to run concurrent to the February 2017 sentence and "date back to the date of sentencing in Docket number 0:17-CR-60069-T-WPD-1, Southern District of Florida, which overlaps completely the date of the indictment in this case." (Id. at 18.)

The BOP's sentence computation aggregated the pre-existing eighteen-month term with the concurrent 120-month term, to commence on August 7, 2017. (Doc. no. 7-1, Hodge Decl., ¶¶ 8-9.) The aggregate term included the prior custody credit of 165 days for time spent in custody from February 23, 2017 through August 6, 2017. (Id. ¶ 9.) Petitioner's projected date of release is June 15, 2026, after application of good time credit. (Id.)

Petitioner filed the instant petition requesting recalculation of his release date, arguing the BOP failed to honor the 2018 sentencing directive to calculate his release date for the 2018 sentence as if he began serving the 2018 sentence on August 7, 2017, the date of his first sentence. (Doc. no. 1.) Respondent moves to dismiss the petition, arguing Petitioner failed to exhaust administrative remedies and his projected release date is correct because the 2018 sentence is statutorily prohibited from beginning prior to the date of imposition. (See generally doc. no. 7.)

## II.     Petitioner Did Not Exhaust the Administrative Remedy Process

### 1.     The Exhaustion Requirement

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements.  Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (per curiam).  Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 475.  However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question."  Id. at 475 (citation omitted).

The Eleventh Circuit has previously held there is no futility exception to the requirement to exhaust administrative remedies under § 2241.  McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012).  However, in determining that no futility exception is available, the court relied on the jurisdictional nature of the exhaustion requirement for § 2241 petitions.  Id.  Since the court held in Santiago-Lugo the exhaustion requirement is not jurisdictional for § 2241 petitions, the court has not again addressed whether a futility exception exists.  Regardless, courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review."  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*); see also Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007) (applying futility exception where BOP predetermined by rulemaking issue Petitioner challenged).

### 2.     Legal Standard for Exhaustion

Where, as here, Respondent has filed a motion to dismiss based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the Court looks to the factual allegations made by both parties, taking the petitioner's version as true where they conflict, and if in that light the petition is subject to dismissal for failure to exhaust administrative remedies, Respondent's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted))[1].

If the petition is not subject to dismissal at the first step, then at step two the Court makes specific findings to resolve the disputed factual issues, with Respondent bearing the burden of proving Petitioner has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the Court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

### 3.     BOP Administrative Remedy Program

The BOP Administrative Remedy Program allows an inmate to seek formal review of any issue related to his confinement. 28 C.F.R. § 542.10. To initiate the formal

---

[1] Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it is also applicable to a § 2241 proceeding. See Blevins v. FCI Hazelton Warden, 819 Fed. Appx. 853, 856 (11th Cir. 2020) (applying Turner to a § 2241 proceeding).

4

Administrative Remedies process, an inmate must first file a request for administrative remedy with the institution's warden. (Hodge Decl., ¶ 11.) If dissatisfied at the institutional level, an inmate may appeal the decision to the Regional Director using the BP-10 form within twenty calendar days of the decision. 28 C.F.R. § 542.15(a). Inmates in private prisons may appeal their sentence calculations through the BOP Privatization Branch at the BP-10 level. (Hodge Decl., ¶ 11.) If the inmate's BP-10 appeal is denied, he may appeal using the BP-11 form to the General Counsel's National Inmate Appeals Office of BOP within thirty days of the BP-10 denial. 28 C.F.R. § 542.15(a). An inmate must appeal through all three levels of the Administrative Remedy Process to exhaust administrative remedies. 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.").

### 4. Petitioner's Failure to Exhaust

Respondent argues Petitioner has not initiated, let alone exhausted, the administrative remedy process. (Doc. no. 7, pp. 4-6.) BOP records reflect Petitioner has not filed any administrative remedies concerning the computation of his sentence. (Hodge Decl, ¶ 11; doc. no. 7-1, Attach. 8.) Petitioner did not respond to Respondent's motion to dismiss, and therefore does not contest his failure to utilize BOP's administrative remedy process. Assuming arguendo a futility exception exists, Petitioner has not argued futility. Even if Petitioner argued futility, based on Respondent's calculation of his sentence in the motion to dismiss and supporting documents, he could not prevail because exhaustion and futility are determined at the time the petition is filed. See Shorter v. Dobbs, No. 4:20CV223-MW/MAF, 2021 WL 121210, at *1 (N.D. Fla. Jan. 12, 2021) (excusing petitioner's failure to exhaust because exhaustion would have been futile at time petition was filed). Thus, the

Court finds Petitioner has failed to satisfy the exhaustion requirement, and Respondent's motion to dismiss should be granted.

### III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 10th day of August, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA